**COLUMBIA WEIGHING MACH. CO. v. McELROY'S DRUG STORE. (No. 7824.)**

Court of Civil Appeals of Texas. San Antonio, Oct. 13, 1927.

I. **Evidence** ☞441(1)—Terms of written instrument cannot as general rule be varied by evidence of contemporaneous parol agreement.

As a general rule, the terms of a written instrument cannot be varied by evidence of contemporaneous parol agreement.

2. **Evidence** ☞434(11)—Evidence of representations of seller's agent made at time of contract of sale held admissible to show fraud.

Evidence of parol agreement made by the agent of seller of scales at the time of the contract to show that contract was signed under belief that it had been changed so as to express wishes of parties to agreement *held* admissible to show fraud on the part of seller through its agent, and to vitiate the contract for such fraud.

3. **Principal and agent** ☞170(3)—Principal, retaining contract for considerable time after change therein by agent, presumably ratified agent's change.

Where agent had, contrary to the express terms of written contract, varied the terms thereof, and had sent altered contract to his principal, *held* that principal was presumed to have ratified the change in terms of the contract by having retained contract for a considerable time without objection to change.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Suit by McElroy's Drug Store against the Columbia Weighing Machine Company. On appeal to the county court from a justice's court, a judgment was rendered for plaintiff, and defendant appeals. Affirmed.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellant.

Jno. F. Onion, of San Antonio, for appellee.

FLY, C. J. This suit involves $150 alleged to be due by appellee on a weighing machine, and originated in a justice's court, where judgment was rendered for appellee.

On appeal to the county court the cause was tried by jury, and the trial resulted in a verdict and judgment in favor of appellee.

The machine was delivered to appellee in San Antonio by appellant by virtue of the following printed order, signed by appellee, which was a form used by appellant in all of its sales:

"You may ship us one Columbia mirror weighing machine, freight paid. It is sold to us with the understanding that we may return it to you at any time within thirty days from date of arrival of the machine, instead of paying the purchase price. Return shipment to be made to above address, by freight only; freight charges collect. Should we not ship it back to you within thirty days from date of its arrival, we will pay you the purchase price thereof, namely, one hundred and fifty dollars, as follows: Fifteen dollars per month, until paid; first payment to be made within sixty days from date of arrival of the machine.

"Should we be two monthly payments in arrears at any time, the entire unpaid balance of the purchase price shall then become due, together with attorney's fees amounting to twenty per cent. of the sum in default, if collection is made by law. It is understood you are to supply us with any mechanical parts required for the machine for a period of five years, without charge. Whenever we may want a part, we are to inform you by registered mail.

"Six per cent. may be deducted if the entire purchase price is paid within sixty days from date of arrival. No verbal agreements will be recognized. All orders are subject to acceptance of the company."

The machine was found to be defective by appellee, and was returned to appellant within 60 days. The machine was inspected by the weight and measure inspector of the city of San Antonio, and he found that "this scale off from 2 to 3 pounds" in every 50 pounds, and he condemned it. This machine was shipped on May 20, 1925, and was delivered on May 26, 1925. It was inspected and condemned on June 3d, and on July 25th appellee returned the machine to appellant in New York. There was an agreement between the agent of appellant and appellee that wherever the word "30" occurred in the contract it should be changed to sixty, and appellee signed the contract under the impression that the change had been made. The change to 60 days, however, was made by the agent only in the last clause of the contract. Appellant accepted the contract with that change in it, although the contract provided that "no verbal agreements will be recognized." The jury found that appellee was induced to sign the contract through the fraud of appellant's agent.

[1, 2] As a general proposition, "the terms of a written instrument cannot be varied by evidence of a contemporaneous parol agreement." But the evidence complained of in this case as to the agreement between appellant's agent and appellee was permissible to show that the contract was signed under the belief that it had been changed so as to express the wishes of the parties to the agreement. It was admissible to show fraud upon the part of appellant, through its agent, and to vitiate the contract by reason of such fraud. The evidence was admissible to show that appellee signed a different contract from the one agreed upon by the parties. The representations as to the change in the language were made preliminary to the actual conclusion of the contract, and formed a part of the negotiation between the parties which terminated in the contract. The representations induced appellee to sign the contract.

It was pleaded that the contract was obtained by fraud and deceit, and in such cases parol evidence is permissible as to all the facts connected with the execution of the contract. Gilliam v. Alford, 69 Tex. 267, 6 S. W. 757; Fairbanks v. Simpson (Tex. Civ. App.) 28 S. W. 128.

[3] The evidence did not show negligence upon the part of appellee in discovering the fraud. Appellant had the contract in its possession, and had presumably ratified the power and authority of the agent to extend the time, as it knew that the last 30 days named in the printed contract had been changed to 60. The first, second, third, and fourth propositions are overruled.

The judgment is affirmed.